IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KIMBERLY RASLEY,
        Petitioner,

vs.                                   Case No. 5:08cv368/RH/EMT

WALTER McNEIL,
        Respondent.
_____/

## REPORT AND RECOMMENDATION

Now pending is Respondent's motion to dismiss (Doc. 21) the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent seeks dismissal of the petition on the basis that it was untimely filed pursuant to 28 U.S.C. § 2244(d). Petitioner responded in opposition to the motion (Doc. 23).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition was timely; therefore, the motion to dismiss should be denied.

I.       BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is undisputed by the parties and established by the state court record (Doc. 21, Exhibits).[1] Petitioner was charged by information in the Circuit Court in and for Bay County, Florida, with one count of second degree murder with a firearm (Ex. A). Following a jury trial, Petitioner was convicted as charged (Exs. B, C). Petitioner was adjudicated guilty and sentenced to a term of forty (40) years of imprisonment, with the requirement that she serve a mandatory minimum of twenty-five (25) years (*id.*). Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal (First DCA). In an opinion filed July 30,

---

[1] Hereinafter all citations to the state court record refer to the exhibits attached to Respondent's motion to dismiss (Doc. 21).

2004, the First DCA affirmed the judgment of conviction and sentence (Ex. H). <u>Rasely v. State</u>, 878 So. 2d 473 (Fla. 1st DCA 2004).[2]  The mandate issued August 17, 2004 (Ex. I).

On July 21, 2005, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. J).  The trial court appointed counsel for Petitioner, summarily denied thirteen of her nineteen claims, and held a limited evidentiary hearing on her remaining claims (Exs. M, N).  Following the evidentiary hearing, the trial court denied the remaining claims (Exs. Q, R).  Petitioner, through counsel, appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on July 14, 2008 (Doc. V). <u>Rasely v. State</u>, No. 1D07-301, 985 So. 2d 1097 (Fla. 1st DCA 2008) (Table).[3]  The mandate issued July 30, 2008 (Ex. W)  On August 1, 2008, the First DCA received Petitioner's pro se motion for rehearing, which she provided to institutional officials on July 29, 2008 (Ex. X).  The First DCA denied the motion for rehearing on September 18, 2008 (Ex. Y).

Petitioner filed the instant federal habeas action on December 12, 2008 (Doc. 1).

II.      ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

---

[2] The court notes that Petitioner's surname is misspelled "Rasely" instead of "Rasley" in the state court record, which is the reason her name is misspelled in the citations to decisions rendered by the First DCA.

[3] Petitioner's appellate counsel misspelled Petitioner's surname "Rasely" instead of "Rasley" in the initial brief, and the error was never corrected.

The parties do not dispute that the appropriate statutory trigger for the federal limitations is the date on which Petitioner's judgment of conviction and sentence became final, pursuant to § 2244(d)(1)(A). As the Supreme Court held in <u>Jimenez v. Quarterman</u>, "direct review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeal to the state courts, and to th[e] [Supreme] Court [of the United States], has been exhausted." --- U.S. ----, 129 S. Ct. 681, 685–86, 172 L. Ed. 2d 475 (2009). Accordingly, a state prisoner's conviction becomes "final" for purposes of § 2244(d)(1)(A) when the United States Supreme Court denies certiorari, issues a decision on the merits, or after the 90-day period in which to seek certiorari review expires. <u>Jimenez</u>, *supra*; <u>Nix v. Secretary for the Dep't of Corrections</u>, 393 F.3d 1235, 1237 (11th Cir. 2004) (holding that a Florida prisoner's conviction became final 90 days after the Florida district court of appeal affirmed his conviction); <u>Bond v. Moore</u>, 309 F.3d 770, 774 (11th Cir. 2002) (holding that a Florida prisoner's conviction became final 90 days after the Supreme Court of Florida denied his motion for rehearing).[4] Therefore, the undersigned concludes that Petitioner's conviction became final on October 28, 2004, upon expiration of the 90-day period for seeking certiorari review of the conviction by the United States Supreme Court. The federal limitations period expired one year later, on October 28, 2005. Petitioner did not file her federal petition on or before October 28, 2005; however, she may be entitled to habeas review if the limitations period was tolled pursuant to statutory or equitable tolling principles.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows that on July 21, 2005, after 266 days of the federal limitations period expired, Petitioner filed a pro se Rule 3.850 motion with the trial court. As previously noted, the trial court appointed counsel for Petitioner and denied the motion. The First DCA affirmed the trial court's order on July 14, 2008, and issued the mandate on July 30, 2008. On August 1, 2008, the First DCA received Petitioner's pro se motion for rehearing, which she provided to institutional officials on July 29, 2008. The First DCA denied the motion for rehearing in an order rendered September 18, 2008.

Respondent contends the Rule 3.850 motion was pending until the First DCA issued the mandate, on July 30, 2008, and the federal limitations period expired 99 days later, on November

---

[4] The Supreme Court of the United States may grant a writ of certiorari to review the final judgment of "the highest court of a State in which a decision could be had." 28 U.S.C. § 1257(a); *see also* U.S. Sup. Ct. R. 13.1 (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court).

6, 2008, before Petitioner filed her federal petition (*see* Doc. 21 at 5–6). Respondent contends the motion for rehearing did not toll the limitations period because it was not "properly filed" as it was both unauthorized and untimely. Respondent argues that the motion was unauthorized because Petitioner filed it pro se when she was represented by counsel, and such filings are null and void under Florida law. Respondent further argues that the motion was untimely because it was filed beyond the 15-day deadline set forth in Rule 9.330(a) of the Florida Rules of Appellate Procedure.[5] Respondent asserts that although Petitioner provided her motion to prison officials on July 29, 2008, she was not proceeding pro se at the time and, therefore, was not entitled to the benefit of the "mailbox rule" set forth in Rule 9.420 of the Florida Rules of Appellate Procedure.[6]

In Petitioner's response to Respondent's motion to dismiss, she does not dispute that the mandate issued in her post-conviction appeal on July 30, 2008; however, she argues that a post-conviction application remains pending "'until the application has achieved final resolution through the State's post-conviction procedures'" (Doc. 23 at 2 (quoting <u>Carey v. Saffold</u>, 536 U.S. 214 (2002)). This argument could be liberally construed as contending that the Rule 3.850 motion was pending until the First DCA denied the motion for rehearing on September 18, 2008, which was after the mandate issued.

It is well established in the Eleventh Circuit that in Florida, a Rule 3.850 motion is pending until the mandate issues. *See* <u>Nyland v. Moore</u>, 216 F.3d 1264, 1267 (11th Cir. 2000) (citing <u>Hodges v. State</u>, 709 So. 2d 620, (Fla. 1st DCA 1998) (trial court's order denying post-conviction motion is pending on appeal until mandate issues from District Court of Appeal)). The circumstances of the instant case, however, are distinguishable from <u>Nyland</u>. In <u>Nyland</u>, the mandate issued <u>after</u> the First DCA rendered its order denying the defendant's motion for rehearing, whereas in the instant case, the mandate issued <u>before</u> the First DCA denied Petitioner's motion for rehearing, and the mandate was not withdrawn and reissued.[7] In cases where a Florida court of

---

[5] Rule 9.330 provides that a motion for rehearing may be filed "within 15 days of an order or within such other time set by the court." Fla. R. App. P. 9.330(a).

[6] Rule 9.420 provides that a document filed by a pro se inmate confined in an institution is timely filed if the inmate places the document in the hands of an institution official for mailing on or before the last day for filing. *See* Fla. R. App. P. 9.420(a)(2).

[7] Under Florida law, the First DCA had jurisdiction and power "to reconsider, revise, reform, or modify its own judgments for the purpose of making the same accord with law and justice, and [] the power to recall its own mandate for the purpose of enabling it to exercise such jurisdiction and power in a proper case." <u>Pinecrest Lakes, Inc. v. Shidel</u>, 802 So. 2d 486, 488 (Fla. 4th DCA 2001) (citing <u>Chapman v. St. Stephens Protestant Episcopal Church</u>, 138 So. 630 (1932)). Generally a Florida court should recall its mandate if it receives a timely motion for rehearing after the mandate issued. *See* <u>Robbins v. State</u>, 992 So. 2d 878, 879–80 (Fla. 5th DCA 2008); <u>Plucinik v. State</u>, 885 So. 2d 478 (Fla. 5th DCA 2004).

appeal considered and denied a motion for rehearing received by the court after issuance of the mandate without recalling and reissuing the mandate, which are the circumstances in the instant case, the state appellate court has still deemed the date of issuance of the mandate as the operative date for purposes of calculating deadlines for subsequent post-conviction filings.  *See* Rigueiro v. State, — So. 3d —, 2009 WL 1066051 (Fla. 4th DCA 2009); Robbins v. State, 992 So. 2d 878, 879–80 (Fla. 5th DCA 2008); Boyd v. State, 787 So. 2d 162 (Fla. 2d DCA 2001).  Some of those courts recognized the confusion created by this practice and authorized the defendants to subsequently file technically untimely post-conviction motions (*see* Robbins and Boyd, *supra*), while other courts have not been so generous (*see* Rigueiro, *supra*).

In the instant case, even if Petitioner's Rule 3.850 motion was technically pending only until issuance of the mandate on July 30, 2008, for the reasons discussed herein, Petitioner's federal deadline was tolled while her motion for rehearing was pending in the First DCA.  As previously noted, Respondent contends the motion for rehearing was not "properly filed," within the meaning of § 2244(d)(2), because it was both unauthorized and untimely.  Respondent argues that the motion was unauthorized because Petitioner filed it pro se when she was represented by counsel, and such filings are null and void under Florida law.  Respondent further argues that the motion for rehearing was untimely because it was filed August 1, 2008, three days too late, since Petitioner was not entitled to the benefit of the "mailbox rule."

Section 2244(d)(2) provides that the federal limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending."  28 U.S.C. § 2244(d)(2).  Although the federal statute does not define "properly filed," the Supreme Court has construed those words.  *See* Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000); Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).  Specifically, "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  Artuz, 531 U.S. at 8. The Artuz Court explained that the laws and rules about filings "usually prescribe, for example, the form of the document, the time limits upon its delivery [and] the court and office in which it must be lodged. . . ."  *Id.*  Moreover, an application that was erroneously accepted without complying with procedural requirements will be pending, but it will not be "properly filed."  *Id.* at 9.  Under Artuz, the federal courts must give "due deference" to state procedural rules governing filings to determine whether an application for state post-conviction relief is "properly filed" under § 2244(d)(2), *see* Wade v. Battle, 379 F.3d 1254, 1260 (11th Cir. 2004), but those rules must be "firmly established and regularly followed," *see* Siebert v. Campbell, 334 F.3d 1018, 1025 (11th Cir. 2003).  The fact that a state procedural rule is discretionary does not inherently disqualify it as a "firmly established"

and "regularly followed" state rule. *See* <u>Beard v. Kindler</u>, — S. Ct. —, 2009 WL 4573277, at *5 (Dec. 8, 2009). With regard to time limits, the Supreme Court held that when a state court rejects a petitioner's post-conviction petition as untimely, "that is the end of the matter for purposes of § 2244(d)(2)," because "time limits, no matter their form, are 'filing conditions.'" <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 414, 125 S. Ct. 1812, 161 L. Ed. 2d 669 (2005) (quoting § 22449(d)(2)).

The Eleventh Circuit recently considered whether the failure to file a motion for rehearing within the 15-day time limit rendered it improperly filed for purposes of § 2244(d)(2). *See* <u>Van Zant v. Fla. Parole Commission</u>, 308 Fed. Appx. 332, 2009 WL 137513, at *3 (11th Cir. 2009).[8] In <u>Van Zant</u>, the Eleventh Circuit concluded that Van Zant's failure to meet the 15-day deadline in such circumstances did not render the motion improperly filed because the 15-day deadline set forth in Rule 9.330(a) is a rule that is not regularly followed by Florida state courts because Florida courts may extend the time for motions for rehearing at their discretion. *Id.* (citing <u>Pinecrest Lakes, Inc.</u>, 802 So. 2d at 488 n.3). In light of the Eleventh Circuit's analysis in <u>Van Zant</u>, the undersigned concludes that assuming Petitioner file her motion for rehearing outside the 15-day time limit, doing so did not render the motion improperly filed for purposes of § 2244(d)(2).

The undersigned likewise rejects Respondent's contention that the motion for rehearing was not "properly filed" because Petitioner filed it pro se when she was represented by counsel, which rendered it a legal nullity. In <u>Rigueiro v. State</u>, — So. 3d —, 2009 WL 1066051 (Fla. 4th DCA 2009), the Florida Fourth DCA applied this "nullity rule" to circumstances similar to the instant case. In <u>Rigueiro</u>, the defendant filed a habeas petition in the Fourth DCA alleging ineffective assistance of appellate counsel. *Id.*, at *1. The Fourth DCA denied the habeas petition as untimely because it was filed more than two years after issuance of the mandate in the defendant's direct appeal. *Id.* The Fourth DCA determined that the defendant's pro se motion for rehearing of the court's order affirming his conviction on direct appeal, handed to prison officials two days before issuance of the mandate, had no legal force or effect because he was represented by counsel in the direct appeal; therefore, the time period for filing his state habeas petition began to run on the date of issuance of appellate court's mandate on February 17, 2006, not the date of the appellate court's order denying the motion for rehearing, issued on March 21, 2006. *Id.* The Fourth DCA described the "nullity rule" as a "well-established principle." *Id.* (citing <u>Logan v. State</u>, 846 So. 2d 472, 475–76 (Fla. 2003)).

---

[8] The undersigned recognizes that <u>Van Zant</u> is not binding precedent because it is an unpublished opinion, *see* 11th Cir. R. 36-2; however, the opinion is persuasive.

The <u>Logan</u> case, cited by the Fourth DCA as the source of the "well-established" nullity rule was recently clarified by the Florida Supreme Court in <u>Sheppard v. State</u>, 17 So. 3d 275, 282 (Fla. 2009).[9] In <u>Logan</u>, the Florida Supreme Court announced a policy of striking pro se "extraordinary writ petitions" filed in the supreme court where the petitioners were represented by counsel in the trial court. 846 So. 2d at 479. The Florida Supreme Court explained the policy as one affecting the administration of justice:

> The subject cases are representative of a similar problem this Court is having with regard to defendants in pending noncapital criminal cases. This Court has recently seen an increase in the number of these noncapital criminal defendants filing pro se petitions for extraordinary relief in this Court, asking this Court to grant them relief, either in the form of immediate release pending trial or absolute discharge from prosecution, while their cases are still pending in the trial court. What is clear in both the subject cases and other similar cases that have been filed with increasing regularity in this Court, is that the petitioners are represented by counsel in their pending criminal cases, and nothing in their petitions indicates that they have sought, or will be seeking, to discharge counsel in those proceedings.

*Id.* at 474. The <u>Logan</u> court noted that in similar contexts, the state appellate courts had uniformly held that pro se petitions for relief filed in the appellate courts were stricken where the defendant was represented by counsel in the trial court. *Id.* at 475 (citing <u>Martin v. Bieluch</u>, 786 So. 2d 1229, 1230 (Fla. 4th DCA 2001); <u>Carlisle v. State</u>, 773 So. 2d 647, 648 (Fla. 5th DCA 2000)). The <u>Logan</u> court thus announced a rule that absent an unequivocal request to discharge counsel, pro se petitions filed in that court would be dismissed. *Id.*

Subsequent to <u>Logan</u>, the Florida Supreme Court decided <u>Johnson v. State</u>, 974 So.2d 363 (Fla. 2008), in which a criminal defendant filed a pro se petition in the Florida Supreme Court seeking relief from an allegedly illegal sentence while he was represented by court-appointed counsel in a pending appeal involving the same conviction and sentence. <u>Johnson</u>, 974 So. 2d at 363. The state supreme court clarified that the rule in <u>Logan</u> was not limited to cases where the defendant was represented by trial counsel but applied to "any pro se filings submitted by litigants seeking affirmative relief in the context of any criminal proceeding where a death sentence has not been imposed, whether direct or collateral, either in the trial court or a district court of appeal, and who are represented by counsel in those proceedings." <u>Johnson</u>, 974 So. 2d at 364–65.

In the recently decided <u>Sheppard v. State</u> case, the Florida Supreme Court recognized that the language in <u>Logan</u> and <u>Johnson</u> had been interpreted as "a blanket rule against ever allowing the trial court to entertain a pro se pleading, unless there was an unequivocal request to discharge counsel." 17 So. 3d at 282. The state supreme court clarified that to the extent its statements in

---

[9] <u>Sheppard</u> was decided after Respondent filed its motion to dismiss and after the Fourth DCA decided <u>Rigueiro</u>.

Logan and Johnson had been so broadly interpreted, such interpretation was not intended. *Id.* The court went on to address the "narrow circumstance" of a pro se motion to withdraw a plea under Rule 3.170(l) and concluded that when a represented defendant files a pro se post-sentence motion to withdraw a plea based on allegations giving rise to an adversarial relationship, such as counsel's misadvice, misrepresentation, or coercion that led to the entry of the plea, a trial court should not strike the pleading as a nullity even though the defendant did not also specifically include the phrase, "I request to discharge my counsel." *Id.*

In the instant case, Petitioner's motion for rehearing filed in the First DCA alleged that her appellate counsel focused the appeal on the post-conviction issues heard at the evidentiary hearing, and Petitioner requested appellate review of the grounds that were not argued on appeal, that is, the grounds that were summarily denied by the trial court (Doc. 21, Ex. X at 1–2). In light of the Florida Supreme Court's recent clarification of the "nullity rule" as not requiring Florida state courts to strike pro se pleadings filed by represented parties as nullities unless there was an unequivocal request to discharge counsel, the undersigned concludes that the "nullity rule" is not firmly established and regularly followed. Accordingly, the fact that Petitioner filed her motion for rehearing pro se did not render it improperly filed for purposes of § 2244(d)(2). Therefore, the federal limitations period was tolled while Petitioner's motion for rehearing was pending.

III.    CONCLUSION

Based upon the analysis set forth above, the undersigned concludes that the one-year federal limitations period began to run on October 28, 2004. It was tolled while Petitioner's Rule 3.850 motion was pending (July 21, 2005 to July 30, 2008) and while Petitioner's motion for rehearing was pending (either July 29 or August 1, 2008 to September 18, 2008).[10] Therefore, the federal petition filed on December 12, 2008, was timely because it was filed 15 or 16 days prior to expiration of the 365-day deadline.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.    That Respondent's motion to dismiss (Doc. 21) be **DENIED**.

2.    That Respondent be directed to file an answer to the habeas petition within **FORTY-FIVE (45) DAYS** from the date of docketing of this order.

---

[10] The court need not decide whether the "mailbox rule" applied to Petitioner's motion for rehearing because even if the federal limitations period ran for one day on July 31, 2008, this additional day would not render Petitioner's federal petition untimely.

At Pensacola, Florida, this 14<u>th</u> day of December 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**