**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

KIMBERLY RASLEY,

    Petitioner,

v.                                          CASE NO. 5:08cv368-RH/EMT

WALTER McNEIL,

    Respondent.

_____/

## ORDER DENYING MOTION TO DISMISS

      By petition for a writ of habeas corpus under 28 U.S.C. § 2254, Kimberly Rasley challenges her state-court conviction. The respondent has moved to dismiss based on the one-year statute of limitations. The magistrate judge has entered a report and recommendation concluding that the motion should be denied. (Document 25.) The respondent has filed objections. (Document 28.) The respondent also has moved to stay pending a ruling by the Eleventh Circuit on a petition for rehearing in a case decided adversely to the respondent's position here. This order denies the motion to stay and, after de novo review, denies the motion to dismiss.

      The one-year limitation period is tolled during the pendency of a "properly

filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Ms. Rasley collaterally challenged her conviction by a motion under Florida Rule of Criminal Procedure 3.850. The state trial court denied the motion, and the Florida First District Court of Appeal affirmed. The 3.850 motion was "properly filed" and thus tolled the federal limitations period. The respondent readily concedes this.

The rub is that after the First District Court of Appeal announced its decision affirming the trial court's denial of the motion, it received from Ms. Rasley herself a pro se motion for rehearing. She had been, and still was, represented in the proceeding by an attorney. The First District denied the pro se motion without explanation. The denial came after issuance of the mandate affirming the trial court's decision. If the 3.850 motion was pending until the pro se motion was denied, or if the pro se motion was itself a "properly filed" application for relief, the federal limitations period was tolled until the pro se motion was denied, and this federal petition is timely. But if the 3.850 motion was pending only until the mandate issued—not until the later denial of the pro se motion—and if the pro se motion was not itself "properly filed," then this federal petition is untimely.

The respondent asserts that the pro se motion was a nullity. The contention depends on the proposition that in a collateral proceeding in the First District at the time, a person who was represented by an attorney could not properly make a pro se filing. The Eleventh Circuit squarely rejected this proposition in *Hitchcock v.*

*Sec'y Dep't of Corr.*, No. 07-15857, 2010 WL 28207, at *4-5 (11th Cir. Jan. 7, 2010). The court said no rule, internal operating procedure, or First District precedent indicated that a pro se filing in these circumstances would not be considered on the merits. *Id.* at *4 & n.6. The court thus concluded that a party could not be faulted for making a pro se submission. The same reasoning is fatal to the respondent's position here.

Five considerations relating to *Hitchcock* do not call for a different result.

First, the respondent says, in effect, that *Hitchcock* misconstrued Florida law—that the district courts of appeal, including the First, uniformly rejected pro se filings from represented parties, subject only to narrow exceptions not applicable here. Perhaps. But the Eleventh Circuit held to the contrary.

Second, the question in *Hitchcock* was whether the petitioner had committed a procedural default by failing to raise the claims at issue in his state collateral proceeding. He had raised the claims in a pro se filing while he was represented by an attorney. In the case at bar, in contrast, the issue is not procedural default, but whether the pro se submission was "properly filed" so that it tolled the statute of limitations. Still, in order to adequately exhaust a claim, a paper ordinarily must be "properly filed"; it would be hard to explain how an *improperly* filed document could constitute adequate exhaustion. It thus is not surprising that courts have equated the governing standards and have cited decisions on these issues interchangeably. *See, e.g.*, *Siebert v. Campbell*, 334 F.3d 1018, 1025 (11th Cir.

2003).  Moreover, the reasoning in *Hitchcock* squarely applies in both situations. In the absence of a rule, internal operating procedure, or applicable precedent indicating that a pro se submission in these circumstances would not be considered on the merits—the state of the law as *Hitchcock* viewed it—it is hard to characterize a pro se submission as not "properly filed."

Third, *Hitchcock* addressed Florida law as it existed in 2004, when the petitioner made the pro se filing at issue in that case.  The relevant time here is in 2008, when Ms. Rasley made her pro se filing.  But there were no changes in the interim that would affect the analysis; if *Hitchcock* had it right in 2004, the same reasoning would apply in 2008.

Fourth, *Hitchcock* is an unpublished and therefore nonbinding decision. Still, it is a very recent Eleventh Circuit decision that, if binding, would squarely control the case.  An Eleventh Circuit panel thought the issue sufficiently clear to make publication of the decision unnecessary.  Adopting the same reasoning on the issue seems the appropriate course here.

Fifth, the respondent asserts that even if Ms. Rasley's pro se motion in the state court was "properly filed," she should not get the benefit of the "prison-mailbox rule."  *See* Fla. R. App. P. 9.420(a)(2); *see also Kailing v. State*, 852 So. 2d 410, 411 (Fla. 5th DCA 2003).  Under that rule, the date of a prisoner's filing of a document is deemed the date of its delivery to prison authorities for mailing to the court, not the date of the court's actual receipt of the document.  The rule does

not apply to a filing by an attorney. The difference, of course, is that an attorney can ensure that a document is actually delivered to the court on time, by hand delivering it or entrusting it to a reliable courier. A prisoner, on the other hand, must rely on prison authorities and the mail. The respondent says a prisoner who is represented by an attorney should not be able to invoke the prison-mailbox rule. But the only rationale that would support the assertion is that a prisoner who is represented by an attorney should not be filing a pro se document at all. If, as *Hitchcock* held, a prisoner can properly file a document pro se even is she is represented by an attorney, there is no reason to deny the prisoner the benefit of the mailbox rule. The reference in Rule 9.420(a)(2) to a "document filed by a pro se inmate" thus properly should be understood to mean a document filed by an inmate who is, for purposes of that document, proceeding pro se. No Florida case has suggested the contrary. (The respondent would say the absence of Florida authority on this results from the Florida courts' refusal to allow pro se filings in this circumstance at all, but that again is a disagreement with *Hitchcock*, not a reason not to apply the mailbox rule.)

In short, *Hitchcock* will be followed in this case unless withdrawn on rehearing or superseded by a contrary, binding decision of the Eleventh Circuit or the Supreme Court.

That leaves for consideration the respondent's motion to stay. The motion of course is committed to the court's discretion. On balance, the better course here

is to go forward without delay. In the unlikely event that the *Hitchcock* petition is still pending when this case is ready for a decision on the merits, staying the case will be reconsidered. In the meantime, nothing irreparable will happen; the case will simply be prepared for a ruling on the merits. This seems the better course partly because the *Hitchcock* petition for rehearing, though it presents a substantial issue, probably will not be granted. If the *Hitchcock* petition is granted, the respondent may promptly move for a stay, and if a ruling is entered in *Hitchcock* that would render Ms. Rasley's petition untimely, the respondent may move for summary judgment based on the statute of limitations.

For these reasons,

IT IS ORDERED:

1. The motion to stay (document 30) is DENIED.

2. The report and recommendation (document 25) is ACCEPTED.

3. The motion to dismiss (document 21) is DENIED.

4. The respondent must file an answer to the petition by March 25, 2010.

5. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on February 8, 2010.

                                              s/Robert L. Hinkle  
                                              United States District Judge